1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   MICHAEL A. HUMPHREYS
3  Assistant United States Attorney
   Lloyd D. George United States Courthouse
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
6  Counsel for Plaintiff

7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                        **DISTRICT OF NEVADA**
11

12 UNITED STATES OF AMERICA,            )
                                        )
         Plaintiff,                     )
13                                      )
         v.                             )   2:14-CV-1515-APG-(CWH)
14                                      )
   $37,425.00 IN UNITED STATES          )
15 CURRENCY,                            )
                                        )
16         Defendant.                   )

17  **SETTLEMENT AGREEMENT FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO
       RASHEEN GOODWIN AND ORDER**
18

19      The United States of America ("United States"), by and through Daniel G. Bogden, United

20 States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States

21 Attorney, and RASHEEN GOODWIN and his counsel, Kirk T. Kennedy, Esq., agree as follows:

22      1. This case is a civil forfeiture action seeking to forfeit $37,425.00 in United States Currency

23 under Title 21, United States Code, Section 881(a)(6).

24      2. RASHEEN GOODWIN knowingly and voluntarily agrees to the civil judicial forfeiture of

25 the $37,425.00 in United States Currency.

26 . . .

3.   RASHEEN GOODWIN knowingly and voluntarily agrees to forfeit the $37,425.00 in United States Currency to the United States.

4.   RASHEEN GOODWIN knowingly and voluntarily agrees to relinquish all right, title, and interest in the $37,425.00 in United States Currency.

5.   RASHEEN GOODWIN knowingly and voluntarily agrees to waive his right to any civil judicial forfeiture proceedings ("proceedings") concerning the $37,425.00 in United States Currency.

6.   RASHEEN GOODWIN knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $37,425.00 in United States Currency arising from the facts and circumstances of this case.

7.   RASHEEN GOODWIN knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $37,425.00 in United States Currency.

8.   RASHEEN GOODWIN knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $37,425.00 in United States Currency.

9.   RASHEEN GOODWIN knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $37,425.00 in United States Currency.

10.  RASHEEN GOODWIN knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $37,425.00 in United States Currency.

11.  RASHEEN GOODWIN knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $37,425.00 in United States Currency.

12.  RASHEEN GOODWIN knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim

2

concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $37,425.00 in United States Currency.

13.  RASHEEN GOODWIN knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $37,425.00 in United States Currency to the United States.

14.  RASHEEN GOODWIN understands that the forfeiture of the $37,425.00 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on RASHEEN GOODWIN in addition to forfeiture.

15.  RASHEEN GOODWIN knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to RASHEEN GOODWIN and Order ("Settlement Agreement").

16.  RASHEEN GOODWIN knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Postal Inspection Service, the United States Postal Service, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by RASHEEN GOODWIN or any third party arising out of the facts and circumstances of this case.

17.  RASHEEN GOODWIN knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Postal Inspection Service, the United States Postal Service, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that RASHEEN GOODWIN now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18.  RASHEEN GOODWIN knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing

officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Kirk T. Kennedy, Esq., on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

19.  After the property is forfeited in the civil and criminal cases and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to RASHEEN GOODWIN one payment of $6,000.00 in United States Currency less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Kirk T. Kennedy, Esq.  RASHEEN GOODWIN knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer.  RASHEEN GOODWIN knowingly and voluntarily agrees the $6,000.00 in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

20.  Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

21.  The Settlement Agreement contains the entire agreement between the parties.

22.  Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no

4

1  party, officer, agent, employee, representative, or attorney relies on such statement or representation in

2  executing the Settlement Agreement.

3       23.   The persons signing the Settlement Agreement warrant and represent that they have full

4  authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf

5  they are signing, to the terms of the Settlement Agreement.

6       24.   This Settlement Agreement shall be construed and interpreted according to federal

7  forfeiture law and federal common law.   The jurisdiction and the venue for any dispute related to,

8  and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States

9  District Court for the District of Nevada, located in Las Vegas, Nevada.

10       25.   Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

11       26.   This Settlement Agreement shall not be construed more strictly against one party than

12  against the other merely by virtue of the fact that it may have been prepared primarily by counsel for

13  one of the parties; it being recognized that both parties have contributed substantially and materially to

14  the preparation of this Settlement Agreement.

15  . . .

16  . . .

17  . . .

18  . . .

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

2   cause for the seizure and forfeiture of the $37,425.00 in United States Currency.

3

4   DATED: 12/11/14                          DATED: 12-16-14

5                                            DANIEL G. BOGDEN
                                             United States Attorney
6
    Kirk T. Kennedy, Esq.
7   Counsel for Rasheen Goodwin

8   DATED: 12/11/14                          MICHAEL A. HUMPHREYS
                                             Assistant United States Attorney
9

10

11  Rasheen Goodwin

12

13

14

15

16                                IT IS SO ORDERED:

17

18

19                                UNITED STATES DISTRICT JUDGE

20                                DATED: _____December 18, 2014_____

21

22

23

24

25

26

6