DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
Michael A. Humphreys
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) 2:14-CV-1515-APG-(CWH) |
| $37,425.00 IN UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) ) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO AS TO SHAVON GOODWIN, SHOVON GOODWIN, SARA GOODWIN, SARA LAMBERT, AND ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE $37,425.00 IN UNITED STATES CURRENCY**
**AND**
**FINAL JUDGMENT OF FORFEITURE AS TO $37,425.00 IN UNITED STATES CURRENCY AND RASHEEN GOODWIN**

**I. FACTS**

On April 16, 2014, United States Postal Service personnel in Las Vegas, Nevada, intercepted an Express Mail package that exhibited the characteristics often associated with drug trafficking and or currency that was derived from the drug trafficking. A drug dog reacted to the presence of a controlled substance (and/or controlled substance residue) inside the parcel causing Postal Service

inspectors to seek, and obtain, a warrant to search the parcel. The agents searched the parcel to find $37,425.00 in United States currency inside. The currency consisted, in large part of, 20-dollar bills ($22,700.00), the denomination most commonly used in transacting street-level drug sales.

The Express Mail package was postmarked April 15, 2014, and bore a return address of 4327 Empire St., Columbus, Georgia. "Shovon Goodwin" was listed as the sender. The package identified "Sara Goodwin" as the recipient, listing her address as 2229 Goldhill Way, Las Vegas, Nevada.

Postal Service records showed that "Sara Lambert" is associated with the Goldhill Way residential address; not "Sara Goodwin" as listed on the package. Postal records also disclosed that claimant, Rasheen Goodwin, is not associated with that Goldhill Way address.

"Shavon Goodwin" is associated with the sender address on Empire Street in Columbus, Georgia. The package bore the name "Shovon" rather than "Shavon" (the correct spelling) Goodwin.

At the time of discovery, the currency was maintained in several, separate bundles. Each bundle was wrapped in rubber bands, and all of the bundles were wrapped in plastic wrap as is typical of drug-derived currency that is transported through the mails.

The claimant, Rahseen Goodwin, was prosecuted, convicted and incarcerated in 2006 for possession with the intent to distribute cocaine, a controlled substance.

**II. PROCEDURE**

The United States filed a verified Complaint for Forfeiture in Rem on September 18, 2014. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b.    is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

2

c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On September 23, 2014, the Court entered an Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 6) and issued the Summons and Warrant of Arrest in Rem (ECF No. 7).

Pursuant to the Amended Order (ECF No. 6), the Complaint (ECF No. 1), the Amended Order (ECF No. 6), the Summons and Warrant (ECF No. 7), and the Notice of Complaint for Forfeiture (ECF No. 9, p. 3-4, 17-18, 31-32 and ECF No. 10, p. 9-10, 25-26) were served on the $37,425.00 in United States Currency and all persons claiming an interest in the $37,425.00 in United States Currency. Notice was published according to law.

Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Amended Order for Summons and Warrant, ECF No. 6; Summons and

. . .

Warrant, ECF No. 7; Notice of Complaint, ECF No. 9, p. 3-4, 17-18, 31-32 and ECF No. 10, p. 9-10, 25-26.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from September 25, 2014, through October 24, 2014. Notice of Filing Proof of Publication, ECF No. 8.

On October 16, 2014, the United States Postal Inspection Service served the Complaint, the Amended Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 2-15.

On October 15, 2014, the United States Marshals Service personally served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Rasheen Goodwin. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 16-29.

On October 3, 2014, the United States Marshals Service personally served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Rasheen Goodwin, by and through his attorney Kirk T. Kennedy, Esq. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 30-43.

On October 15, 2014, the United States Marshals Service attempted to personally served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Sara Lambert, but no one by that name resided at 2229 Goldhill Way, Las Vegas, NV 89106. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 44-57.

. . .

1  On October 15, 2014, the United States Marshals Service attempted to personally served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Sara Goodwin, but no one by that name resided at 2229 Goldhill Way, Las Vegas, NV 89106. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 58-71.

On November 3, 2014, United States Postal Inspection Services' Postal Inspector Daniel Carbonetti declared that based upon an exhaustive data base search he had conducted, and his training and experience, Sara Goodwin was a fictitious name packages were mailed to by Rasheen Goodwin. Notice of Filing Service of Process – Personal Service, ECF No. 9, p. 72-73.

On September 25, 2014, Shavon Goodwin was served by regular and certified return receipt mail with the Complaint, the Amended Order for Summons and Warrant, the Summons and Warrant, and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 10, p. 3-5 and 9-21.

On September 25, 2014, Shovon Goodwin was served by regular and certified return receipt mail with the Complaint, the Amended Order for Summons and Warrant, the Summons and Warrant, and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 10, p. 6-21.

On December 22, 2014, United States Postal Inspection Services' Postal Inspector Daniel Carbonetti declared that based upon an exhaustive data base search he had conducted, and his training and experience, Shovon Goodwin was a fictitious name packages were mailed to by Rasheen Goodwin. Exhibit 1.

On October 28, 2014, Sara Lambert was served by regular and certified return receipt mail with the Complaint, the Amended Order for Summons and Warrant, the Summons and Warrant, and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 10, p. 22-37.

On November 17, 2014, Rasheen Goodwin filed a Claim and Answer (ECF No. 11).

On December 17, 2014, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order (ECF No. 12), regarding the $37,425.00 in United States

. . .

Currency. Claimant waived, among other things, service of process. Settlement Agreement, ECF No. 12.

On December 18, 2014, the Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order (ECF No. 13).

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On December 22, 2014, the United States filed a Motion for Entry of Clerk's Default against: (1) the $37,425.00 in United States Currency; (2) Shavon Goodwin; (3) Shovon Goodwin; (4) Sara Goodwin; (5) Sara Lambert; and (6) all persons or entities who claim an interest in the $37,425.00 in United States Currency in the above-entitled action except Rasheen Goodwin (ECF No. 14).

On December 23, 2014, the Clerk of the Court entered a Default against: (1) the $37,425.00 in United States Currency; (2) Shavon Goodwin; (3) Shovon Goodwin; (4) Sara Goodwin; (5) Sara Lambert; and (6) all persons or entities who claim an interest in the $37,425.00 in United States Currency in the above-entitled action except Rasheen Goodwin (ECF No. 15).

Shavon Goodwin is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 2.

Shavon Goodwon is neither a minor nor an incompetent person.

Sara Lambert is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 3.

Sara Lambert is neither a minor nor an incompetent person.

**III. JUDGMENT**

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

**IV. DEFAULT AND ENTRY OF DEFAULT**

As shown above, the United States has requested entry of Clerk's Default against: (1) the $37,425.00 in United States Currency; (2) Shavon Goodwin; (3) Shovon Goodwin; (4) Sara Goodwin;

(5) Sara Lambert; and (6) all persons or entities who claim an interest in the $37,425.00 in United States Currency in the above-entitled action except Rasheen Goodwin (ECF No. 14). The Clerk entered the Default as requested (ECF No. 15).

**V. NOTICE**

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

**VI. LEGAL SUFFICIENCY OF THE COMPLAINT**

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $37,425.00 in United States Currency, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the $37,425.00 in United States Currency occurred and its current location. The Complaint identifies the statutes under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1; Fed. R. Civ. P. Supp. Rule G(2).

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

**VII. POTENTIAL CLAIMANTS**

Rasheen Goodwin has entered into a Settlement Agreement with the United States. No other person has filed a claim and the time to file a claim has passed.

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to: (1) Shavon Goodwin; (2) Shovon Goodwin; (3) Sara Goodwin;

(4) Sara Lambert; and (5) all persons or entities who claim an interest in the $37,425.00 in United States Currency and Final Judgment of Forfeiture as to $37,425.00 in United States Currency and Rasheen Goodwin.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against: (1) Shavon Goodwin; (2) Shovon Goodwin; (3) Sara Goodwin; (4) Sara Lambert; and (5) and all persons or entities who claim an interest in the $37,425.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $37,425.00 in United States Currency and Rasheen Goodwin.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $37,425.00 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than Rasheen Goodwin, whose rights and liabilities are adjudged below.

IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to Rasheen Goodwin, through Kirk T. Kennedy, Esq., one payment of $6,000.00 in United States Currency, less any debt owed the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: January 12, 2015